UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Marianne M. Gutowski,  Case No. 05-44280
 Chapter 13
 Debtor.  Hon. Phillip J. Shefferly
_____/

**ORDER DENYING MULTIPLE MOTIONS TO REINSTATE CASE**

On February 14, 2005, the Debtor filed a Chapter 13 petition. The confirmation hearing was scheduled to take place on May 17, 2005. The Debtor appeared at the hearing. For the reasons explained on the record in open court on May 17, 2005, the Court determined to dismiss the case. On May 18, 2005, the Court entered an order dismissing the case. On October 17, 2005, the Debtor filed a motion to reinstate the case. On November 1, 2005, the Court held a hearing with respect to that motion. The Court denied the motion to reinstate the case for reasons explained to the Debtor on the record in open court. Notwithstanding that denial, the Debtor filed another motion to reinstate the case on March 22, 2006. On March 28, 2006, the Court entered an order denying that motion to reinstate this case. After the Court entered the most recent order denying the Debtor's motion to reinstate the case on March 28, 2006, the Debtor filed seven more motions to reinstate the case, docket entries #43 through # 49. Each of these seven motions sets forth essentially the same grounds as relied upon by the Debtor in her previous motions to reinstate the case.

It is clear to the Court from reading these motions that they do not set forth any basis or authority for the Court to reinstate this case, which has now been dismissed for nearly 11 months, nor to reconsider the prior rulings of the Court under the standards set forth by L.B.R. 9024-1(c).

Unfortunately, it is also equally apparent to the Court from the facts alleged in the Debtor's numerous motions to reinstate this case, that the Debtor seriously misapprehends the nature and legal effect of this Chapter 13 case. The relief sought by the Debtor in her multiple motions to reinstate is not relief that would occur simply by reinstating this case. The Debtor's motions to reinstate the case in substance seek various forms of relief arising out of actions allegedly taken by various individuals pertaining to her residence. In particular, the Debtor's motions to reinstate allege wrongdoing by a credit union that held a mortgage on her residence, directors of the credit union, her former attorney, and various other individuals. Reinstatement of this long dismissed Chapter 13 case does not provide the Debtor with any of the remedies that she is seeking against such individuals in her various motions to reinstate. Reinstatement of this Chapter 13 case nearly 11 months after it has been dismissed would serve no useful purpose to the Debtor or her creditors, nor would it somehow grant her the remedies that she seeks against the individuals and entities that she alleges in her various motions to reinstate have engaged in some

wrongdoing against her.

Accordingly, for the reasons set forth in this Court's March 28, 2006 order, and because reinstatement of this Chapter 13 case serves no useful purpose and does not provide the Debtor with the remedies that she is asking the Court to impose,

IT IS HEREBY ORDERED that the Debtor's seven most recent motions to reinstate (docket entries #43 through #49) are denied.

The Court further instructs the Debtor, consistent with the Court's inherent power to sanction particular conduct in order to manage the Court's "affairs so as to achieve the orderly and expeditious disposition of cases," and in light of the Debtor's history of filing duplicative, groundless and marginally coherent motions, not to file any further motions to reinstate the Chapter 13 case, and that the Court will consider striking or barring any such future pleadings as well as other appropriate sanctions. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (internal quotation marks and citation omitted); First Bank of Marietta v. Hartford Underwriters Insurance Co., 307 F.3d 501, 514 (6th Cir. 2002) ("In our view, Chambers [ v. NASCO, Inc.] should be read broadly to permit the district court to resort to its inherent authority to sanction bad-faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes.").

**Entered: April 06, 2006**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**